In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Kevin C. O'KEEFE, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

Kevin C. O'KEEFE, Respondent.

Supreme Court

*No. 00–0882–D. Filed July 13, 2000.*

## 2000 WI 99

(Also reported in 613 N.W.2d 890.)

¶ 1. PER CURIAM. We review the recommendation of the referee that Attorney Kevin C. O'Keefe be reprimanded as discipline for professional misconduct. That misconduct consists of his failure to keep a client reasonably informed of the status of her legal matter, failure to hold property in trust in connection with that matter until there was an undisputed agreement to an accounting and severance of competing interests in that property, and providing representation in the matter to two clients with a conflict of interest without obtaining the clients' written consent. In addition to the reprimand, the referee recommended that Attorney O'Keefe be required to pay restitution to one client in the matter.

¶ 2. We determine that the seriousness of Attorney O'Keefe's professional misconduct warrants a public reprimand. He failed to meet his professional obligations in representing a client on a claim for damages arising out of a personal injury and impermissibly applied funds belonging to the spouse of the client to pay the costs incurred in pursuing the client's action. As this is the first time he has been the subject of a disciplinary proceeding and his misconduct appears to have been the result of inattention and carelessness, rather than an intentional conversion of property to his own use, a public reprimand is sufficient to apprise him of the seriousness of that misconduct and to deter other attorneys from engaging in like misconduct.

¶ 3. Attorney O'Keefe was admitted to practice law in Wisconsin in 1983 and previously practiced in La Crosse, Wisconsin. He currently practices law in Seattle, Washington. He has not been the subject of a prior attorney disciplinary proceeding, but he was suspended from practice in Wisconsin in June 2000 for noncompliance with continuing legal education requirements. He did not answer or otherwise appear in this disciplinary proceeding, and the referee, Attorney Janet Jenkins, made findings of fact and conclusions of law in response to the motion of the Board of Attorneys Professional Responsibility (Board) for default judgment.

¶ 4. While representing a client in September 1995 on a claim for injuries resulting from an auto accident, Attorney O'Keefe learned that the client's wife had sustained an injury from an accident on a treadmill two years earlier. Attorney O'Keefe undertook to represent the wife on her claim in the spring of 1996.

¶ 5. Attorney O'Keefe filed an action on the client-wife's behalf in October 1996 but had difficulty obtaining medical and liability experts to support the client's claim. The defendants moved for summary judgment in mid-June 1997 and two weeks later offered to settle the case for $7500 if Attorney O'Keefe could obtain releases from three subrogated insurers. The client agreed to settle for that amount plus a new treadmill. The defendants were not willing to include a treadmill as part of the settlement, but Attorney O'Keefe led his client to believe that a new treadmill was a part of the settlement, intending to purchase one for her with a portion of the fee he was to receive in the matter.

¶ 6. Attorney O'Keefe was able to obtain a release from only one of the three subrogated insurers, but he did not oppose the motion for summary judgment, which was granted toward the end of July 1997. Opposing counsel then wrote to remind him that the $7500 settlement was contingent on his obtaining waivers of more than $20,000 in medical liens. Attorney O'Keefe did not respond to that letter or move to reopen the client's case. He had no further contact with the other subrogated insurers until early September 1997, and he obtained waivers from them at the end of that month. When he sent the insurers' releases to opposing counsel with a letter stating that he intended to proceed with the $7500 settlement, opposing counsel informed him that there was nothing left to settle, as the case had been dismissed, and that the manufacturer of the treadmill had filed for bankruptcy.

¶ 7. During this period, when the client contacted him from time to time to inquire about her claim, Attorney O'Keefe did not tell her of the summary judgment but led her to believe he was waiting for the settlement check. At the end of October 1997, he told the client that the settlement was in jeopardy and encouraged her to bring a small claims action against the retailer who had sold the treadmill to seek enforcement of the settlement agreement. The client chose not to do so.

¶ 8. While her case was pending, the client received periodic bills from Attorney O'Keefe's office itemizing expenses that had been incurred and was told that she need not pay those bills until the conclusion of the case. After the case had been dismissed, unpaid expenses and finance charges added to them totaled $2790.98. When the husband-client's personal injury claim settled in February 1998, Attorney

O'Keefe sent a settlement check to him with a letter stating that he had deducted from that settlement the expenses that had been incurred in the wife's case. Attorney O'Keefe had not obtained either client's consent to do so.

¶ 9. During the course of his representation of the client-wife, at least one of the subrogated health insurers assigned its subrogation claim to the client and then retained Attorney O'Keefe in the matter. Attorney O'Keefe did not obtain his client's written consent to the resulting dual representation of persons with conflicting interests.

¶ 10. On the basis of those facts, the referee concluded as follows: by failing to discuss the dismissal of the client's action and its resulting impact with his client from July through October 1997, Attorney O'Keefe failed to keep the client reasonably informed of the status of the matter, in violation of SCR 20:1.4;[1] his deducting expenses incurred in one client's case from settlement proceeds belonging to that client's husband in another case without authorization of either client constituted a failure to hold property in trust until there was an undisputed agreement to an accounting and severance of interests in the funds, in violation of SCR 20:1.15(d);[2] by providing concurrent representation to the injured client and to the subrogated insurer

---

[1] SCR 20:1.4 provides:

**Communication.**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[2] SCR 20:1.15(d) provides:

without obtaining the injured client's written consent to the dual representation, Attorney O'Keefe failed to obtain a client's written consent to a technical conflict of interest, in violation of SCR 20:1.7(b).[3]

¶ 11.  As discipline for that professional misconduct, the referee recommended that Attorney O'Keefe be reprimanded and ordered to pay restitution to the client from whose settlement he deducted costs incurred in representation of that client's wife in another action, with interest on that amount of 5% per year from and after March 2, 1998. The referee recommended further that if the restitution were not paid within 60 days of the court's order in this proceeding, Attorney O'Keefe's license to practice law in Wisconsin be suspended until further order of the court. Finally, the referee recommended that Attorney O'Keefe be required to pay the costs of this proceeding.

¶ 12.  In her report, the referee emphasized the impossibility of ascertaining Attorney O'Keefe's

---

(d)  When, in the representation, a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be treated by the lawyer as trust property until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall continue to be treated as trust property until the dispute is resolved.

[3] SCR 20:1.7(b) provides:

(b)  A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1)  the lawyer reasonably believes the representation will not be adversely affected; and

(2)  the client consents in writing after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

mental state at the time of his misconduct, owing to his not having participated in this disciplinary proceeding. As a consequence, the referee had no information, nor do we, of any possible mitigating factors or of Attorney O'Keefe's attitude or potential for rehabilitation. Consequently, the referee's recommendation and our determination of appropriate discipline are based solely on the nature and seriousness of the misconduct itself, the impact it had on the clients, and the fact that Attorney O'Keefe has not previously been disciplined for misconduct.

¶ 13.   We adopt the referee's findings of fact and conclusions of law and determine that the appropriate discipline for Attorney O'Keefe's professional misconduct is a public reprimand. We also determine that Attorney O'Keefe should be required to make restitution to the client whose settlement proceeds he used to pay the client's spouse's costs incurred in the separate matter. Lastly, we require Attorney O'Keefe to pay the costs of this proceeding.

¶ 14.   IT IS ORDERED that Attorney Kevin C. O'Keefe is publicly reprimanded for professional misconduct established in this proceeding.

¶ 15.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Kevin C. O'Keefe make restitution to his former client pursuant to the terms recommended by the referee in this proceeding, provided that if the restitution is not made within the time specified and absent a showing to this court of his inability to make the restitution within that time, the license of Kevin C. O'Keefe to practice law in Wisconsin shall be suspended until further order of the court.

¶ 16.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Kevin C. O'Keefe pay to the Board of Attorneys Professional Responsibility

the costs of this proceeding, provided that in the event the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Kevin C. O'Keefe to practice law in Wisconsin shall be suspended until further order of the court.